# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: ) | CASE No.     18-22002 (JJT) |
| ) | |
| LINDA S. COUGHLIN, ) | CHAPTER     13 |
|     DEBTOR. ) | |
| ) | RE: ECF Nos.     69, 73, 91, 92, 95 |
| JPMORGAN CHASE BANK, NATIONAL ) | |
| ASSOCIATION, ) | |
|     MOVANT ) | |
| V. ) | |
| ) | |
| LINDA S. COUGHLIN AND ) | |
| ROBERT NAPOLITANO, TRUSTEE, ) | |
|     RESPONDENT. ) | |
| ) | |

## BENCH RULING ON MOTION FOR ORDER CONFIRMING AUTOMATIC STAY OF 11 U.S.C. § 362 IS NOT IN EFFECT

The matter before the Court is the JP Morgan Chase Bank, National Association's ("Movant") Motion for Order Confirming Automatic Stay Of 11 U.S.C. § 362 is Not in Effect ("Motion," ECF No. 69). The Movant requests that the Court enter an order confirming that the automatic stay is not in effect *in its entirety*. *Id*. In response, Linda S. Coughlin ("Debtor") filed an objection ("Objection," ECF No. 71) wherein she requests that the Court deny the Motion because, although she concedes that the automatic stay is not in effect as to the Debtor, she also contends that it remains in effect as to the Debtor's Chapter 13 bankruptcy estate ("Estate"). The Court hereby **GRANTS** the Movant's Motion and **DENIES** the Debtor's Objection.

The following facts and procedural history are relevant to the Court's Ruling. At the time of the Debtor's filing, the Debtor and the Movant had been engaged in a multi-year foreclosure

litigation in Superior Court dating back to July of 2008.[1] In that action, a judgment of strict foreclosure was entered against the Debtor with respect certain property located in Mystic, Connecticut in December 18, 2017. On December 7, 2018, approximately one year later and three days prior to the running of the Law Day,[2] the Debtor filed a voluntary petition in this Court seeking protection under Chapter 13 of the U.S. Bankruptcy Code (Case No. 18-22002). This was the Debtor's sixth petition for relief since July of 2011 (*See* ECF No. 5). On December 20, 2018, the Debtor filed a Motion for Continuation of the Automatic Stay (ECF No. 10), which was preliminary granted pending a hearing to show cause. On January 11, 2019, after a hearing before the Court, the Court denied the Debtor's Motion for Continuation of the Automatic Stay concluding that "that the Debtor has not met [her] burden" of providing "clear and convincing evidence to rebut the presumption that this case was not filed in good faith" (ECF No. 22).[3]

Thereafter, on January 14, 2019, the Movant filed a motion in Superior Court to reset the Law Day on the basis of this Court's denial of the Debtor's motion for Continuation of the Automatic Stay. In her objection to Movant's motion in Superior Court, the Debtor argued that the foreclosed property was property of the Estate and that this Court's denial of her Motion for Continuation of the Automatic Stay, pursuant to § 362(c)(3)(A), only applied to her as the debtor and not to property of the Estate (*See* KNL-CV08-5007908-S, Dkt. No. 387.00). The Superior Court denied the Debtor's objection and granted the Movant's motion to reset the Law Day,

---

[1] See *Washington Mut. Bank v. Coughlin*, No. CV085007908, 2015 WL 467478 (Conn. Super. Ct. Jan. 8, 2015), aff'd, 168 Conn. App. 278 (2016).
[2] See KNL-CV08-5007908-S, Dkt. 381.01 (Order resetting the Law Day for December 10, 2018).
[3] In arriving at this conclusion the Court considered the following facts: "[T]he Debtor has not made a mortgage payment since 2008, yet has enjoyed the rents and profits of the property; during that time, the Debtor engaged in protracted and dilatory litigation and appeals in state court that calculated to effect delay and frustrate the foreclosure; during the same period, the Debtor filed five bankruptcies, availed herself of the automatic stay and its effect on the law dates and had three of those cases dismissed; the Debtor's course of action has caused material delays in the foreclosure and compounded the fees and expenses of it; as reflected in the judgments of the foreclosure proceedings . . ." (ECF No. 22).

which was set for February 26, 2019 (*See Id.*, Dkt. No. 387.01). The Debtor appealed the Superior Court's denial of her objection to the Appellate Court on February 13, 2019,[4] which was later dismissed as frivolous on May 7, 2019.[5]

The primary issue before this Court is whether the Superior Court had jurisdiction to determine the applicability of the automatic stay under 11 U.S.C. § 362 as it related to the foreclosure proceedings before it. In her response to the Motion now before this Court, the Debtor argues that this Court has exclusive jurisdiction over determinations relating to the Debtor's Estate, and, therefore, the Superior Court did not have the authority to determine whether the termination of the automatic stay also applied to the Estate. With respect to this issue, "the Second Circuit has made it clear that . . . courts other than the bankruptcy court have concurrent jurisdiction over disputes pertaining to § 362 of the Bankruptcy Code . . . ." *In re Haynes*, No. 11-23212 (RDD), 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014) (citing to *In re Baldwin-United Corp. Litig.,* 765 F.2d 343, 347 (2d Cir. 1985), wherein the Second Circuit concluded that courts other than the bankruptcy court have concurrent jurisdiction over the applicability of the automatic stay) ("The initial issue is whether the District Court has jurisdiction to determine the applicability of the automatic stay. We conclude that it does."); *see also Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) (citing to *In re Baldwin–United Corp. Litig.*, supra, 765 F.2d 347) ("Not surprisingly, courts have uniformly

---

[4] On appeal, the Debtor's Preliminary Statement of Issues provided the following statement: "The state court lacks jurisdiction, i.e., authority, to act on a motion to set a law date or action for a assets of the trustee in a chapter 13 case before the federal court. The State court is barred from setting a new law date. State Court did not follow Federal Law regarding the stay for the reasons articulated in the trial court objection AND Judge Alan Schiff's decision. The argument why the trial court was wrong is a purely legal argument and the Federal statute should have prevented what the trial Court did; and that the purpose of the appeal is to overrule the clear trial court error until the stay is lifted against estate property AND debtor property." *See* Preliminary Statement of Issues, *Washington Mutual Bank v. Linda Coughlin Et Al*, AC 42591 (2019).

[5] Following the dismissal of the Debtor's appeal, the Debtor filed a Motion for En Banc Reconsideration, which was subsequently denied.

held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (i.e., stays) the proceedings.")

In the present case, the Debtor conflates the issue of whether the Superior Court can determine the applicability of the automatic stay as to its own proceedings with the issue of whether that court can validly take action to modify, annul, terminate or otherwise alter the automatic stay. See *In re Killmer*, 501 B.R. 208, 215 (Bankr. S.D.N.Y. 2013) (citing to *In re Dominguez*, 312 B.R. 499, 505 (Bankr. S.D.N.Y. 2004)) ("Congress has declared that actions to 'terminate, annul, or modify' the automatic stay are core bankruptcy proceedings. . . . Consequently, it is undisputed that only a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay.")

Critically, "once validly entered in a court of competent jurisdiction, a judgment is considered valid until overturned or vacated by that court or an appellate court with supervisory powers over that court's system. There appears to be only one exception to this hard and fast rule of federal-state comity, and it comes into play only when the state proceedings are considered a legal nullity and thus void ab initio. . . . A federal bankruptcy court may intervene only when the state proceedings are void ab initio; it lacks the power where it simply disagrees with the result obtained in an otherwise valid proceeding. *In re James*, 940 F.2d 46, 52 (3d Cir. 1991) (citation omitted). Absent such a determination, under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over cases or issues that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Moreover, where the issues raised are so "inextricably intertwined with a state court judgment"

so that "the federal claim would succeed only if the state court wrongly decided the issue," the Rooker-Feldman factors are present. *See, e.g.*, *Barnett v. Conn. Light & Power Co.*, 900 F. Supp. 2d 224, 241 (D. Conn. 2012) (quotin g *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000), *aff'd*, 2 Fed. Appx. 78 (2d Cir. 2001). This is precisely the circumstance now before the Court.

Even assuming, arguendo, that the state court did not have jurisdiction to determine the applicability of the automatic stay, this Court adopts the reasoning articulated in *In re Anderson*, wherein the Court (*Hon. A. Nevins*) concluded that when the automatic stay was terminated pursuant to 362(c)(3)(A), it was done so in "in its entirety." *See In re Anderson*, Case No. 17-31699, ECF No. 21 (citing to *In re Bender*, 562 B.R. 578 (Bankr. E.D.N.Y. 2016)) ("[T]he § 362 (a) stay terminated with respect to any judicial, administrative or other formal proceeding commenced prepetition which relates to a debt or property securing such debt or a lease, regardless of whether the property or lease was property of the estate or property of the Debtor.")

Both parties had an opportunity to argue their respective positions before the Superior Court and Appellate Court as to the issues now before the Court. Those courts correctly determined that the automatic stay was terminated in its entirety. Accordingly, consistent with this Bench Ruling, the Movant's Motion is **GRANTED**, and the Debtor's Objection is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut this 19th day of September 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut